DECISION
A case management conference was scheduled at 2:15 p.m. on March 9, 2011, to consider Plaintiff's appeal. On December 30, 2010, the court sent notice of the scheduled case management conference to Plaintiff's representative, Paul Kingsland (Kingsland), at 9115 SW Oleson Road #103, Tigard OR 97223, which is the address that Kingsland provided to the court.[1] The notice was not returned as undeliverable. The notice advised that if Plaintiff did not appear, the court might dismiss the appeal.
On March 9, 2011, the court sent Kingsland a letter which explained the importance of diligently pursuing an appeal. That letter was not returned as undeliverable. The letter advised that if Kingsland did not provide a written explanation by March 23, 2011, for his failure to appear, the court would dismiss the appeal.
On March 28, 2011, Kingsland filed a letter with the court requesting a rescheduling of the March 9, 2011, conference. He explained: "I did call in on the day of the conference but I called eleven minutes after the start time" and "[m]y reason for calling late was due to it being the tax filing season and I was tied up in a meeting with a taxpayer/client." Kingsland noted that *Page 2 
"[t]he failure to appear notice gave me until the 23rd to reschedule. Over the weekend I went through my mail in basket and found the letter."
Under such circumstances, the court would ordinarily dismiss this case for lack of prosecution. Kingsland's written explanation for his failure to appear was dated and filed on March 28, 2011, five days after the written explanation was due. However, in its Answer, filed December 27, 2010, Defendant recommended that Plaintiff receive partial relief. Defendant requested that the court "[a]llow Plaintiff's request for 2007 wage expense deduction; reduce tax due by $405 and corresponding penalties for substantial understatement and post-amnesty by $81 and $101 respectively for a total of $632." (Def's Answer at 2.)
In addition to wages for tax year 2007, Plaintiff requests deductions, including the following: vehicle depreciation for tax years 2006 and 2007; vehicle fuel for tax years 2006 and 2007; vehicle insurance for tax year 2006; and 50 percent of cell phone costs for tax years 2006 and 2007. (Ptf's Compl at 2, 4-6.) Defendant disagreed that any of the claimed deductions other than wages paid in 2007 should be allowed. (Def's Answer at 1-2.) Because the parties are in agreement with respect to Plaintiff's claimed wages for tax year 2007 and the corresponding reduction in penalties and tax due, the court will grant partial relief. Now, therefore,
IT IS DECIDED that, for the 2006 tax year, Plaintiff's appeal is dismissed;
IT IS FURTHER DECIDED that, for the 2007 tax year, Plaintiff's appeal of claimed vehicle depreciation, vehicle fuel, and 50 percent of cell phone costs is dismissed; and
IT IS FURTHER DECIDED that, for the 2007 tax year, Plaintiff's wage expense deduction is allowed, Plaintiff's tax due is reduced by $405, and corresponding penalties for *Page 3 
substantial underpayment and post-amnesty shall be reduced by $81 and $101, respectively, for a total of $632.
Dated this ____ day of March 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Pro Tempore Allison R.Boomer on March 31, 2011. The Court filed and entered this documenton March 31, 2011.
[1] Kingsland listed his address as 9115 SW Olson Road #103, Tigard OR 97223. The court erroneously addressed the notice to "Oleson Road" rather than "Olson Road." *Page 1